IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DECOREY PANNELL,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| vs.     ) | CIVIL ACTION NO. 1:25-0012-TFM-N |
| ) | |
| ZAN MICHAEL VALENIUS, *et al.*,     ) | |
| ) | |
| Defendants     ) | |

## REPORT AND RECOMMENDATION

Plaintiff Decorey Pannell filed this action under 42 U.S.C. § 1983, without the assistance of an attorney *(pro se)* and while detained at Washington County Jail. (Doc. 1). Plaintiff however has not paid the statutorily required filing fee or a motion to proceed without prepayment of fees, despite the Court's order to do so (*see* Doc. 3), nor has he complied with the Court's order to file his claims on the appropriate Court forms for a § 1983 civil action and/or a § 2241 habeas petition (*see id.*). For this reason, the undersigned **RECOMMENDS** Plaintiff's complaint be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

I.   **Background.**

Plaintiff initiated this action in January of 2025. (Doc. 1). Review of the complaint revealed deficiencies to be cured before the action could proceed. In response, the Court informed Plaintiff of the deficiencies, instructed Plaintiff on the legal standards for asserting the alleged claims in his complaint, and provided Plaintiff with an opportunity to amend his complaint to state a claim. (*See* Doc. 4). Because Plaintiff alleged facts that raised potential challenges to his state court proceedings and confinement in jail, the Court also instructed

Plaintiff on how to file a habeas petition under 28 U.S.C. § 2241. (*Id*.). Lastly, the Court ordered Plaintiff to pay the required statutory fee for filing an action in this Court or, if he could not afford the filing fee, to file a proper motion to proceed without prepayment of fees. (*Id*.). Plaintiff was ordered to comply with the Court's directions by February 10, 2025. (*Id*.). In the Court's order, Plaintiff was cautioned that failure to comply with the order within the prescribed deadline or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id*. at 4). A copy of the order was mailed to Plaintiff, but the order was returned by the U.S. Postal Service, stamped as "RETURN TO SENDER." (Doc. 6).

To date, Plaintiff has not filed an amended complaint as ordered, a habeas petition, or a motion to proceed without prepayment of fees. Nor has he communicated with the Court in any manner. Additionally, it appears that Plaintiff is no longer incarcerated at Washington County Jail.[1] An independent internet search reveals he is also not in the custody of the Alabama Department of Corrections. However, he did not inform the Court of his release or provide a new address. Consequently, the Court is unable to locate the whereabouts of Plaintiff.

## II. Dismissal.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, the deadline for compliance with the Court's order has

---

[1] *See* http://www.washcoso.com/whos-in-jail/ (last visited May 2, 2025).

passed, and Plaintiff has failed to file an amended complaint curing the deficiencies of his initial complaint or otherwise comply with the Court's order. Plaintiff has also failed to update the Court as to his release from the Washington County Jail or provide a new address or contact information. Accordingly, the Court has no means to communicate with Plaintiff.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III. Conclusion.

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings

or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **2nd** day of **May 2025**.

                                          **/s/ KATHERINE P. NELSON**
                                          **UNITED STATES MAGISTRATE JUDGE**